## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CURTIS HAMILTON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-1060-RGA |
| MHM SERVICES INC., | : |
| Defendant. | : |

Curtis L. Hamilton, Newark, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

December 19, 2013
Wilmington, Delaware

*Richard G. Andrews* (signature)

ANDREWS, U.S. District Judge:

Plaintiff Curtis L. Hamilton was an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, when he filed this action on June 13, 2013 pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 5, 13). The Court was notified on August 14, 2013 that Plaintiff was released from prison. The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A(a).

From January 6, 2011 through April 13, 2012, Plaintiff was a participant in the Key North rehabilitative program offered through Defendant MHM Services, Inc. Plaintiff alleges that during that time he was repeatedly subjected to disparate treatment by program staff in violation of the rules governing facilitation of the program and in violation of his right to equal protection. As a result, Plaintiff lost the opportunity to take advantage of a potential liberty interest through a motion for sentence modification contingent on completion of the program.

According to affidavits attached to the Complaint, an investigation ensued following complaints by inmates that a program counselor was bringing in drugs. The program went on lockdown, Plaintiff did not have a counselor for awhile and phase movement stopped. Plaintiff seeks $50,000 in punitive damages.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially

2

plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

To the extent Plaintiff raises an equal protection claim, the claim fails. To state a claim under the Equal Protection Clause, a prisoner must allege that he was treated differently from similarly situated inmates. *Saunders v. Horn,* 959 F. Supp. 689, 696 (E.D. Pa. 1996); *see also City of Cleburne, Tex. v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985) (noting that the Equal Protection clause "is essentially a direction that all persons similarly situated should be treated alike"); *Price v. Cohen,* 715 F.2d 87, 91 (3d Cir.1983) ("To establish a violation of the equal protection clause, a plaintiff must show that [an] allegedly offensive categorization invidiously discriminates against [a] disfavored group."). The Complaint does not allege any facts supporting the conclusion that Defendant discriminated against Plaintiff or treated him differently from other inmates. Rather, affidavits attached to the Complaint indicate that all inmates were treated similarly during the drug investigation. Thus, Plaintiff has not properly alleged an Equal Protection violation. *See Saunders,* 959 F. Supp. at 696 (finding that prisoner

3

had not stated an equal protection claim where he did not state that he was treated differently from other inmates with similar health problems).

To the extent Plaintiff contends that he was not allowed to participate in the Key Program, again the claim fails. Prisoners have no constitutional right to drug treatment or other rehabilitation. *Groppi v. Bosco*, 208 F. A'ppx 113, 115 (3d Cir. 2006); *see also Norris v. Frame*, 585 F.2d 1183 (3d Cir. 1978).

For the above reasons, the Complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). The Plaintiff's conclusory claim that he was "repeatedly subjected to disparate treatment" is without an iota of factual support, but it does suggest that he has some broader complaint than the one that can be identified from the affidavits attached to the complaint. Thus, I cannot conclusively say that amendment is futile. Plaintiff is given leave to file an amended complaint by January 17, 2014. Failure to do so by that date will result in the case being closed.

An appropriate order will be entered.