IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CURTIS HAMILTON, | : |
| Plaintiff, | : |
| v. | : Civ. No. 13-1060-RGA |
| MHM SERVICES INC., | : |
| Defendant. | : |

Curtis L. Hamilton, Newark, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 25, 2014
Wilmington, Delaware

*[signature]*
**ANDREWS, U.S. District Judge:**

Plaintiff Curtis L. Hamilton was an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, when he filed this action on June 13, 2013 pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 5, 13). The original complaint was dismissed upon screening, and Plaintiff was given leave to amend. (*See* D.I. 14, 15). Plaintiff timely filed an amended Complaint (D.I. 16), which the Court proceeds to review and screen pursuant to 28 U.S.C. §1915(e)(2)(B) and § 1915A(a).

From January 6, 2011 through April 13, 2012, Plaintiff was a participant in the Key North rehabilitative program offered through Defendant MHM Services, Inc. Plaintiff alleges that during that time he was repeatedly subjected to poor treatment by program staff in violation of the rules governing facilitation of the program and in violation of his right to equal protection. As a result, Plaintiff lost the opportunity to take advantage of a potential liberty interest through a motion for sentence modification contingent on completion of the program. In dismissing the original complaint, the Court stated, "The Plaintiff's conclusory claim that he was 'repeatedly subjected to disparate treatment' is without an iota of factual support, but it does suggest that he has some broader complaint than the one that can be identified from the affidavits attached to the complaint." (*See* D.I. 14 at 5).

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641

F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

I think Plaintiff again attempts to raise an equal protection claim. To state a claim under the Equal Protection Clause, a prisoner must allege that he was treated differently from similarly situated inmates. *Saunders v. Horn*, 959 F. Supp. 689, 696 (E.D. Pa. 1996); *see also City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (noting that the Equal Protection clause "is essentially a direction that all persons similarly situated should be treated alike"); *Price v. Cohen*, 715 F.2d 87, 91 (3d Cir.1983) ("To establish a violation of the equal protection clause, a plaintiff must show that [an] allegedly offensive categorization invidiously discriminates against [a] disfavored group.").

The Amended Complaint fails to cure the pleading deficiencies identified in the Court's December 19, 2013 Memorandum Opinion and Order. The Amended Complaint alleges, in a conclusory manner, "arbitrary treatment by MHM based on one's preference or whim capricious - absolute, depotic [sic]." (*See* D.I. 16 at 2). Plaintiff describes a series of events that apparently caused upheaval in the Key Program to the extent that he was without a counselor and/or was misled by counselors regarding the length of his treatment program. While some inmates may have completed the Key program in a shorter time-frame than Plaintiff, there could be many reasons for the differences in the length of each inmate's program. There is quite a bit

of detail about the upheaval, but the Amended Complaint does not contain any factual support for an Equal Protection claim.

For the above reasons, the Complaint will now be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). The Court provided Plaintiff an opportunity to correct his pleading deficiencies, to no avail. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment."). The Court finds that further amendment is futile.

An appropriate order will be entered.